# CIRCUIT COURT OF LOUDOUN COUNTY

Traci Lee Dalton-Reitz

v.

Mark Franklin Reitz

November 29, 2000

Case No. (Chancery) 20010

BY JUDGE JAMES H. CHAMBLIN

After consideration of the representations and arguments of counsel on November 22, 2000, the Defendant's Motion to Amend Pendente Lite Decree is granted.

A pendente lite hearing on this cause was heard on June 28 and 30, 2000. In her pendente lite motion, the Complainant requested that the Defendant be ordered to pay all of the uninsured medical expenses of the children and the Complainant. At the hearing the parties reached various agreements. By one agreement, the Defendant was to pay one-half of the uninsured medical expenses of the children. The parties reached no agreement on the uninsured medical expenses of the Complainant.

After the parties reached their agreements and so advised the Court, the only contested issues presented to the Court for decision were spousal support and child support. The Complainant never asked the Court to decide the issue of her uninsured medical expenses. The two contested issues were decided as set forth in my handwritten memorandum to counsel, dated and faxed to counsel on June 30, 2000. My memorandum specifically directed that "the Order reflect the parties' agreements on the other issues."

As requested in my memorandum, Mr. Moss prepared a draft of the pendente lite decree and sent it to Ms. Mougin-Boal for her review. The draft decree contained a provision in paragraph 7 that the Defendant pay one-half of the Complainant's uninsured medical expenses. Ms. Mougin-Boal forwarded a copy of the draft decree to the Defendant, who clearly notified her in writing that he never agreed to pay any portion of the Complainant's

uninsured medical expenses. Ms. Mougin-Boal failed to bring this to the attention of Mr. Moss. She endorsed the pendente lite decree without noting an objection as to the requirement that the Defendant pay one-half of the Complainant's uninsured medical expenses. I entered the decree on October 6, 2000.

On November 6, 2000, the Defendant filed his Motion requesting that the pendente lite decree be amended to remove the requirement that he pay any portion of the Complainant's uninsured medical expenses.

Rule 1:1 does not apply to the pendente lite decree. Rule 1:1, by its very terms, applies only to "final judgments, orders and decrees." It is well recognized that a pendente lite decree in a domestic relations case is not a final decree.

I think that the essential consideration here is that the pendente lite decree contains a provision that was neither agreed to by the Defendant nor requested by either party to be decided by the Court. It is not persuasive to me that the contested provision is part of the relief requested by the Complainant in her pendente lite motion. When counsel and the parties represented to the Court that they had agreed on certain issues and asked the Court to decide only certain issues, then I feel that the parties should be bound by the agreement and their request. This is the case here. Neither party agreed to the provision. Neither party asked the Court to rule on it.

As such, I feel that the inclusion of the contested provision in the pendente lite decree is a clerical mistake subject to correction by the Court under Va. Code § 8.01-428(B), which provides in pertinent part:

> Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order.

Simply put, I feel that the inclusion of the contested provision was an error arising from an oversight and should be corrected. An order removing the contested provision has been entered.